NATHAN D. RIVERA, ISB # 8339
Attorney at Law
Rivera Law
53 S. Shilling
PO Box 700
Blackfoot, ID  83221
Telephone: (208) 785-5618
Facsimile: (208) 785-4858
general@riveralawyers.com

Attorney for Defendant

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff,  )<br>)<br>vs.   )<br>)<br>RYAN R. VAN DYKE,  )<br>)<br>Defendant.  )<br>_____ ) | Case No. 4:23-cr-00193-BLW<br><br>OBJECTION AND MOTION TO STRIKE GOVERNMENT'S RESPONSIVE BRIEF |

  COMES NOW Defendant, by and through Counsel, NATHAN D. RIVERA, and hereby objects and moves to strike the Government's responsive brief in this matter as it is time barred pursuant to the court's order. On January 30th, 2024, the parties appeared before this court to argue Defendant's Motion to dismiss. The Court had originally requested briefing regarding a specific question and indicated that the parties had until February 24th, 2024, to submit said briefs. (See attached email as Exhibit A).

  On January 9th, 2024, counsel for the Defendant requested clarification on the date the briefs would be due, noting that the due date in the email came after the hearing date, and asked to clarify that the due date was actually January 24th, 2024. (see attached email as Exhibit B). Counsel for the Defendant spoke to AUSA Haycock and noted the error, and both agreed the

date should have been January 24th, 2024, however, the government responded to the court and requested that the due date for the briefs be extended to February 7th, 2024. (See attached email as Exhibit C). The court's clerk acknowledged the error, and this court granted the government's request to extend the due date to February 7th, 2024. (See attached email as Exhibit D). After the hearing in January 30th, 2024, counsel for the government and the Defendant confirmed that the government's brief would be due Feb 7th, 2024, with the Defendant having until February 14th, 2024 to respond, since the Defendant had already supplied his brief to the court prior to the January 30th, 2024 hearing.

Defendant did not receive the Government's brief until February 14th, 2024, a week after the deadline provided by the court and the day the Defendant's response would have been done. The question on the table is whether the charges against the defendant should be dismissed. The defendant is being incarcerated on a potentially illegal basis. To further extend the government's deadline and allow the brief's submission, without just cause and without even a motion from the government requesting for the court to accept an untimely filing would be inappropriate and contrary to the interests of fairness and justice.

Furthermore, the Defendant is prejudiced by the government's actions as he now has no ability to respond the government's brief as his deadline has now passed. A decision in this matter should not be further delayed and to allow the governments late submission without cause will not only prejudice him further and prolong Defendant's already lengthy detention.

For those reasons the Defendant respectfully requests that the government's brief be disallowed and stricken from the record.

DATED this 15th day of February 2

_____
NATHAN D. RIVERA, ESQ.
Attorney for Defendant

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on the 15th of February 2024, I filed the foregoing electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Jack Haycock
AUSA
Jack.Haycock@usdoj.gov

              /s/ Nathan D. Rivera
              NATHAN D. RIVERA
              Attorney for Defendant

# EXHIBIT A

 Gmail                                                    Nathan Rivera <nrivlaw@gmail.com>

## Fwd: Request for Supplemental Briefs (VanDyke, 23-cv-193)
3 messages

**Nathan Rivera** <general@riveralawyers.com>                    Tue, Jan 9, 2024 at 5:17 PM
To: Nathan <nrivlaw@gmail.com>

---------- Forwarded message ---------
From: **Marcus Waterman** <Marcus_Waterman@id.uscourts.gov>
Date: Tue, Jan 9, 2024 at 2:45 PM
Subject: Request for Supplemental Briefs (VanDyke, 23-cv-193)
To: Nathan Rivera <general@riveralawyers.com>, Haycock, Jack (USAID) <Jack.Haycock@usdoj.gov>

Good afternoon,

The hearing on Defendant's Motion to Dismiss (Dkt. 27) is now set for 1:30pm on January 30, 2024. In light of the continuance, Judge Winmill invites each party to submit a supplemental brief addressing the following issue.

The parties appear to assume that the U.S. Supreme Court's forthcoming decision in *US v. Rahimi* will squarely address the issue before the Court in this case. But it seems that different provisions of Section 922(g)(8) govern these two cases. The protective order that triggered Section 922(g)(8) in *Rahimi* contained a judicial finding that Zackey Rahimi posed a "credible threat" to his intimate partner. That finding triggered Section 922(g)(8)(C)(i). In contrast, the no-contact order that triggered application of 922(g)(8) to VanDyke does not appear to include a "credible threat" finding. Rather, it includes an express prohibition upon the use of physical force capable of causing bodily injury. And that express prohibition appears to be what triggers the application of Section 922(g)(8)(C)(ii). From the parties' briefing, it is not clear whether and to what extent this distinction may distinguish the issue and legal analysis in this case from that in *Rahimi*.

The Court invites each party to address this question in a supplemental brief of ten pages or less, to be filed on or before February 24, 2024. Briefs should address (1) whether this case and *Rahimi* are meaningfully different for the reason set forth above, and if so, (2) what affect that should have on this Court's historical analysis.

Please let me know if you have any questions.

# EXHIBIT B



**Marcus Waterman**

Term Law Clerk
U.S. Courts, District of Idaho
marcus_waterman@id.uscourts.gov
(208) 334-9363



Rivera Law
PO Box 700
Blackfoot, Idaho 83221
Telephone: (208) 785-5618
Facsimile: (208) 785-4858

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and destroy all copies of the original message.

---

**nrivlaw@gmail.com** <nrivlaw@gmail.com>  Tue, Jan 9, 2024 at 7:28 PM
To: Nathan Rivera <general@riveralawyers.com>

For clarification, is the due date for the briefs January 24th, 2024 since the hearing is set for January 30th?

Sent from my iPhone

> On Jan 9, 2024, at 5:17 PM, Nathan Rivera <general@riveralawyers.com> wrote:
>
> ---------- Forwarded message ---------
> From: **Marcus Waterman** <Marcus_Waterman@id.uscourts.gov>
> Date: Tue, Jan 9, 2024 at 2:45 PM

# EXHIBIT C

**To:** Marcus Waterman <Marcus_Waterman@id.uscourts.gov>; Nathan Rivera <general@riveralawyers.com>
**Subject:** Re: Request for Supplemental Briefs (VanDyke, 23-cv-193)

**CAUTION - EXTERNAL:**

Marcus:

I'm a little confused on the scheduling on the briefs and hearing date. Also, our appellate chief wants to weigh in on my supplemental response and she cannot do that until into February.

You said the briefing was due on February 24. I didn't pay much attention to the hearing date still being on January 30 - I did not immediately see the contradiction in the February date and the hearing date - you probably intended January 24 but I didn't see that until Nathan and I were talking a couple of days ago. So this was not on my calendar for a response this coming week. I guess I expected the hearing would eventually get moved.

With the confusion on the date and with the request of my appellate chief to assist, could we possibly move our due date for briefing back a couple weeks, perhaps Feb 7?

Thanks Marcus

Jack

---

**From:** Marcus Waterman <Marcus_Waterman@id.uscourts.gov>
**Sent:** Tuesday, January 9, 2024 2:45:33 PM
**To:** Nathan Rivera <general@riveralawyers.com>; Haycock, Jack (USAID) <JHaycock@usa.doj.gov>
**Subject:** Request for Supplemental Briefs (VanDyke, 23-cv-193)

Good afternoon,

The hearing on Defendant's Motion to Dismiss (Dkt. 27) is now set for 1:30pm on January 30, 2024. In light of the continuance, Judge Winmill invites each party to submit a supplemental brief addressing the following issue.

The parties appear to assume that the U.S. Supreme Court's forthcoming decision in *US v. Rahimi* will squarely address the issue before the Court in this case. But it seems that different provisions of Section 922(g)(8) govern these two cases. The protective order that triggered Section 922(g)(8) in *Rahimi* contained a judicial finding that Zackey Rahimi posed a "credible threat" to his intimate partner. That finding triggered Section 922(g)(8)(C)(i). In contrast, the no-contact order that triggered application of 922(g)(8) to VanDyke does not

# EXHIBIT D

**Nathan Rivera** <general@riveralawyers.com>  Mon, Jan 22, 2024 at 11:13 AM
To: Nathan <nrivlaw@gmail.com>

---------- Forwarded message ----------
From: **Marcus Waterman** <Marcus_Waterman@id.uscourts.gov>
Date: Mon, Jan 22, 2024 at 10:35 AM
Subject: RE: Request for Supplemental Briefs (VanDyke, 23-cv-193)
To: Haycock, Jack (USAID) <Jack.Haycock@usdoj.gov>, Nathan Rivera <general@riveralawyers.com>

Good morning,

You are correct—the deadline should have been set for January 24th, not February 24th. The idea, of course, was that supplemental briefs would be filed prior to the continued hearing, which is set for January 30th. This was my mistake.

Due to the deadline confusion and the appellate chief's current unavailability, Judge Winmill has agreed to extend the deadline for filing supplemental briefs until February 7, 2024. However, Judge Winmill *does* intend to address the issue described in my previous email during the hearing on January 30th. Please be prepared to discuss that issue during oral argument.

Please let me know if you have any questions.

Thank you,



**Marcus Waterman**

**Term Law Clerk**
**U.S. Courts, District of Idaho**
marcus_waterman@id.uscourts.gov
(208) 334-9363

---

From: Haycock, Jack (USAID) <Jack.Haycock@usdoj.gov>
Sent: Saturday, January 20, 2024 10:21 AM